IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES SEATON,                              )
                                           )
          Plaintiff,                       )
                                           )
v.                                         )   Case No.  CIV-20-00046-PRW
                                           )
LOWE'S HOME CENTERS, LLC,                  )
                                           )
          Defendant.                       )

## ORDER

Before the Court is Plaintiff's Motion to Adjudicate Medical Lien (Dkt. 19)

(the "Motion"). Plaintiff asks the Court to allow discovery into, hear evidence on, and then

adjudicate a new claim arising from a billing dispute between Plaintiff and Integris Rural

Health, Inc., a nonparty, as part of this now-settled tort action between Plaintiff and Lowe's

Home Centers, LLC. Because it would lack original jurisdiction and would decline to

exercise supplemental jurisdiction over such a claim, the Court DENIES Plaintiff's Motion

to Adjudicate Medical Lien (Dkt. 19).

### *Background*

According to the Petition (Dkt. 1, Ex. 1), on March 16, 2019, Plaintiff, James

Seaton, visited a Lowe's Home Improvement store in Yukon, Oklahoma. There, he

purchased a washing machine, which store employees offered to walk out to his truck and

load for him. He accepted their offer.

But the store employees struggled to load the box into the truck, prompting him to

help. As he lifted one side of the box, one of the two employees holding it immediately let

go, causing all the weight on one side to shift to him, tearing his bicep. He sued Defendant,

Lowe's Home Centers, LLC, ("Lowe's") for his injuries on a theory of negligence. The

Parties notified the Court of a settlement on September 30, 2020. Because the case settled

with little judicial involvement, the Court had no meaningful exposure to the substance of

the case.

On October 13, 2020, with the case settled, Plaintiff filed his Motion to Adjudicate

Medical Lien (Dkt. 19). In the Motion, Plaintiff represents that Integris Rural Health, Inc.,

("Integris"), a nonparty, treated him for his bicep injury and subsequently filed a lien of

$46,406.63 against his settlement for the cost of his treatment. In his view, that lien is

unreasonable in amount and therefore in violation of Oklahoma's hospital lien statutes. He

asks the Court to "set th[e] matter for an evidentiary hearing, allow discovery to be

conducted, and reduce the amount of the lien." He also asks, in conclusion, that he "be

given leave to bring [Integris] in as a party to th[e] lawsuit [between him and Lowe's]" if

the Court determines that Integris "is a necessary party."

At bottom, Plaintiff asks to litigate, and for the Court to adjudicate, a new and

distinct claim against a nonparty as part of this now-settled dispute between him and a

different entity. So understood, the Court is confronted with the threshold question of

whether it has subject matter jurisdiction over the prospective claim.

## *Applicable Law*

The federal courts are "courts of limited jurisdiction,"[1] "possess[ing] only that power authorized by [the] Constitution and statute."[2] Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction.[3] Additionally, 28 U.S.C. § 1367 grants the federal courts power to hear claims over which the court otherwise lacks original jurisdiction if those claims are part of the same constitutional case as claims over which the court has original jurisdiction.[4]

"[D]istrict courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction."[5]

## *Discussion*

The Court will first evaluate whether it would have original jurisdiction over the prospective claim. Then, if it finds that it does not, the Court will explore whether the prospective claim is a candidate for supplemental jurisdiction.

---

[1] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[3] *See* 28 U.S.C. §§ 1331–32.

[4] *See* 28 U.S.C. § 1367(a).

[5] *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) (citation omitted).

*Original Jurisdiction*

The Court finds that there is no independent basis for subject-matter jurisdiction over the prospective claim. As to federal-question jurisdiction, there is no predicate "federal question." 28 U.S.C. § 1331—the relevant jurisdictional statute—confers upon the district courts subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff asks the Court to "adjust" a medical lien based on an Oklahoma statute.

As to diversity jurisdiction, the amount in dispute fails to meet the statutory minimum. 28 U.S.C. § 1332(a)(1)—the diversity-jurisdiction statute—confers subject-matter jurisdiction to the district courts over matters where the amount in controversy "exceeds the sum or value of $75,000" and the controversy is "between citizens of different States." Even if we assume that Plaintiff and Integris are diverse for jurisdictional purposes, and therefore meet the latter criterion, the amount in controversy requirement is not satisfied because the amount in controversy is only some part of $46,406.63.[6] Thus, the Court does not have original jurisdiction over the prospective claim against Integris.

*Supplemental Jurisdiction*

As to supplemental jurisdiction, even assuming the Court could exercise its supplemental jurisdiction,[7] it would decline to do so. "When all federal claims have been

---

[6] *See* Pl.'s Mot. to Adjudicate Medical Lien (Dkt. 19) at 2.

[7] While the Court need not decide whether it could exercise supplemental jurisdiction, it notes the distance, from a legal and factual standpoint, between the two claims. The original claim was a tort claim, turning on the reasonableness of actions taken in the course of

dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[8] Here, while not "dismissed," Plaintiff and Defendant have settled the dispute over which the Court had original jurisdiction. Accordingly, an exercise of supplemental jurisdiction presents no benefit of judicial economy or convenience.[9] The Court therefore declines to take up this prospective state claim.

### *Conclusion*

Plaintiff attempts to present a new claim against a new party arising out of a new dispute as part of this now-settled case. The Court declines that invitation. If Plaintiff wishes to press his claim against Integris, he should file a petition in a court of competent jurisdiction.

The Court **DENIES** Plaintiff's Motion to Adjudicate Medical Lien (Dkt. 19).

**IT IS SO ORDERED** this 21st day of December, 2020.


_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

loading a washing machine on to a pickup truck. The prospective claim, by contrast, arises from a billing dispute, turning on the reasonableness of a hospital bill.

[8] *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (citation omitted).

[9] The Tenth Circuit has directed district courts to "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *King v. Fleming*, 899 F.3d 1140, 1154 (10th Cir. 2018) (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)).